Leonard M. Shulman – Bar No. 126349
Melissa Davis Lowe – Bar No. 245521
**SHULMAN HODGES & BASTIAN LLP**
100 Spectrum Center Drive, Suite 600
Irvine, CA 92618
Telephone:    (949) 340-3400
Facsimile:    (949) 340-3000
E-mail:    lshulman@shbllp.com; mlowe@shbllp.com

Attorneys for Plaintiff, Richard A. Marshack,
Chapter 7 Trustee of the bankruptcy estate

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| **In re** | Case No. 8:13-bk-14701-CB |
| **WILLIAM GEORGE WEILER, JR.** | Chapter 7 |
| **Debtor.** | Adv. Case No. |
| **RICHARD A. MARSHACK,** solely in his capacity as Chapter 7 Trustee of the bankruptcy estate of William George Weiler, Jr., | **CHAPTER 7 TRUSTEE'S COMPLAINT OBJECTING TO THE DISCHARGE OF THE DEBTOR PURSUANT TO 11 U.S.C. §727** |
| **Plaintiff,** | Date:    To be set<br>Time:    To be set<br>Ctrm:    5D |
| **v.** | 411 West Fourth Street<br>Santa Ana, CA 92701 |
| **WILLIAM GEORGE WEILER, JR.,** | |
| **Defendant.** | |

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

4770-000\Z:\W-X\Weiler\Adv DISCHARGE\Pld\Complaint_Discharge.docx

1

Richard A. Marshack, the duly appointed, qualified and acting Chapter 7 trustee ("Trustee" or "Plaintiff") for the bankruptcy estate ("Estate") of the debtor herein, William George Weiler, Jr. ("Debtor" or "Defendant"), alleges as follows:

## STATEMENT OF JURISDICTION AND VENUE

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

2. This adversary proceeding arises and is related to the Debtor's bankruptcy case, which was commenced through the filing of a voluntary petition for relief under Chapter 11 of the Bankruptcy Code by the Debtor on May 30, 2013 ("Petition Date") in the Central District of California, Santa Ana Division.

3. Venue is proper in this District pursuant to 28 U.S.C. §1409, as this adversary proceeding arises under Title 11 or arises under or relates to a case under Title 11 which is pending in this District and does not involve a consumer debt less than $15,000.00.

4. This action is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A) and (J).

## PARTIES

5. Plaintiff is the duly appointed, qualified, and acting Chapter 7 trustee for Debtor's Estate.

6. Plaintiff is informed and believes and thereon alleges that William George Weiler, Jr., is and was at all times relevant herein, an individual residing in the County of Orange, State of California, and is the debtor herein.

## GENERAL ALLEGATIONS

**A. Commencement of the Instant Bankruptcy Case**

7. On May 30, 2013, the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code.

8. On June 13, 2013, the Debtor filed his bankruptcy schedules and statement of financial affairs ("SOFA").

9. The Debtor's Chapter 11 case was converted to a case under Chapter 7 on or about December 12, 2013.

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

1

4770-000\Z:\W-X\Weiler\Adv DISCHARGE\Pld\Complaint_Discharge.docx

10. Richard A. Marshack is the duly appointed, qualified and acting Chapter 7 trustee in the Debtor's bankruptcy case.

**B. Transfers of Property Prior to Bankruptcy Filing**

11. Plaintiff is informed and believes and thereon alleges that in 2006, California Coast Credit Union ("Cal Coast") loaned $2.5 million to the Debtor and his non-filing spouse, Rae Weiler ("Rae"), and loaned another $2.5 million to an irrevocable trust ("Trust") of which the Debtor is a trustee and a beneficiary and which was personally guaranteed by the Debtor.

12. Plaintiff is informed and believes and thereon alleges that as of at least 2010, the Debtor and Rae were the sole principals and members of Bar Group, LLC, a California limited liability company ("Bar Group").

13. Plaintiff is informed and believes and thereon alleges that on or before September 1, 2010, the Debtor stopped making payments owed to Cal Coast. Plaintiff is informed and believes and thereon alleges that on or about September 14, 2010, the Debtor and Rae transferred their interest in the real property located at 8480 Redwood Creek Lane, San Diego, California ("San Diego Property") to Bar Group.

14. Plaintiff is informed and believes and thereon alleges that by no later than December 2010, Cal Coast began collection efforts against the Debtor and Rae for breach of the loan made by Cal Coast to the Debtor and Rae in 2006.

15. On December 22, 2010, Cal Coast filed a complaint against the Debtor and Rae for breach of contract in the San Diego County Superior Court, Case No. 37-2010-00106538-CU-BC-CTL ("First Action").

16. Plaintiff is informed and believes and thereon alleges that on February 3, 2011, Cal Coast recorded a Notice of Default on the Debtor's residence located at 6852 Lafayette Drive, Huntington Beach, CA ("Property").

17. On May 4, 2011, the Debtor filed a Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the Central District of California, Santa Ana Division, commencing Case No. 8:11-bk-16402-RK ("First Bankruptcy Case").

///

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

2

4770-000\Z:\W-X\Weiler\Adv DISCHARGE\Pld\Complaint_Discharge.docx

18. Plaintiff is informed and believes and thereon alleges that the Debtor relinquished his interest in Bar Group on or about September 15, 2011. A true and correct copy of the Debtor's Resignation Letter is attached hereto as **Exhibit "1."** Plaintiff is further informed and believes and thereon alleges that the Debtor transferred his membership interest in Bar Group to Rae for no consideration.

19. Plaintiff is informed and believes and thereon alleges that on or about September 15, 2011, the Debtor and Rae transferred their interest in the real property located at 3549 Catclaw Drive, Abilene, Texas ("Texas Property") to Bar Group for no consideration.

20. Plaintiff is informed and believes and thereon alleges that the Debtor later brought the loan with Cal Coast current. The First Action was then dismissed without prejudice on December 14, 2011. The First Bankruptcy Case was also dismissed pursuant to an order entered on December 19, 2011.

21. On January 18, 2012, Cal Coast filed a new complaint against the Debtor for breach of guarantee in the Orange County Superior Court, Case No. 30-2012-00538230-CU-BC-CJC ("Second Action") relating to the loan made to the Trust.

22. Pursuant to a Grant Deed recorded in the Orange County Recorder's Office on August 30, 2012, Document No. 2012000505123, the Debtor and Rae transferred the Property from themselves to Bar Group ("2012 Transfer") for no consideration. A true and correct copy of the August 30, 2012 Grant Deed is attached hereto as **Exhibit "2."**

23. Pursuant to a Grant Deed recorded in the Orange County Recorder's Office on March 12, 2013, Document No. 2013000149394, the Debtor and Rae transferred the Property from themselves to Bar Group ("collectively with the 2012 Transfer, the "Transfer") for no consideration. A true and correct copy of the March 12, 2013 Grant Deed is attached hereto as **Exhibit "3."**

24. Plaintiff is informed and believes and thereon alleges that the Second Action was set for trial on June 10, 2013. Before trial could occur, the Debtor filed the instant bankruptcy case.

///

**C. Debtor's Bankruptcy Papers**

25. The Trustee conducted a Bankruptcy Code Section 341(a) meetings of creditors ("Meeting of Creditors") on January 14, 2014, February 4, 2014, and June 24, 2014 at which time the Debtor testified under oath.

26. The Debtor's SOFA Question No. 10 states that the Debtor shall list all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within two years immediately preceding the commencement of this case. The Debtor answered "None" to this inquiry.

27. The Debtor's SOFA was signed under penalty of perjury.

28. When questioned at his Meeting of Creditors, the Debtor testified that all information contained in his Bankruptcy Schedules and SOFA was true and correct and that there were no errors or omissions.

29. Nevertheless, Plaintiff is informed and believes and thereon alleges that the Debtor transferred his interest in the Property, his interest in Bar Group, and his interest in the Texas Property within two years of the Petition Date.

## FIRST CLAIM FOR RELIEF

### [Objection to Discharge (11 U.S.C. §727(a)(2))]

30. Plaintiff hereby incorporates by reference paragraphs 1 through 29 and realleges these paragraphs as though set forth in full.

31. Plaintiff is informed and believes and based thereon alleges, the Debtor transferred, removed, destroyed, or concealed, or permitted to be transferred, removed, destroyed or concealed, certain property of the Debtor within one (1) year of the Petition Date. Namely, the Debtor transferred the Property to a company in which he no longer held any interest mere months before the Petition Date.

32. Plaintiff is informed and believes and thereon alleges, the acts of Debtor alleged above were willful, wanton, malicious, oppressive, and were undertaken with the intent to defraud Plaintiff and the Debtor's creditors.

///

33. Plaintiff is informed and believes and thereon alleges, the acts of Debtor alleged above were taken with the specific intent to hinder, delay, or defraud his creditors. In particular, the Debtor made the Transfer while litigation was pending against him by Cal Coast and Cal Coast had recorded a Notice of Default on the Property, the Transfer was made to a company in which the Debtor had no interest and for no consideration, and the Debtor had previously transferred other properties out of his name while Cal Coast was seeking collection against him.

34. By reason of the foregoing, and based on the Debtor's continued fraudulent and deceitful actions as set forth above, the Debtor's discharge should be denied pursuant to 11 U.S.C. Section 727(a).

### SECOND CLAIM FOR RELIEF

### [Objection to Discharge (11 U.S.C. §727(a)(4))]

35. Plaintiff hereby incorporates by reference paragraphs 1 through 34 and realleges these paragraphs as though set forth in full.

36. On June 13, 2013, Debtor filed his SOFA under penalty of perjury.

37. Debtor falsely stated under oath on SOFA No. 10 that no property was transferred either absolutely or as security within two (2) years immediately preceding the Petition Date, when in actuality, the Debtor had transferred the Property mere months before the Petition Date; he had transferred his interest in Bar Group on or about September 15, 2011; and he had transferred his interest in the Texas Property on or about September 15, 2011.

38. As such, Debtor knowingly and fraudulently, and under penalty of perjury, falsely affirmed that the information contained in the SOFA was true and correct.

39. By reason of the foregoing, and based on the Debtor's continued fraudulent and deceitful actions as set forth above, the Debtor's discharge should be denied pursuant to 11 U.S.C. Section 727(a).

**WHEREFORE**, Plaintiff prays that judgment be entered as follows:

1. Denying the Debtor his discharge under 11 U.S.C. §727;

2. For an award of attorney's fees along with costs of suit incurred herein; and

///

3. For such other and further relief as the Court may deem just and proper under the circumstances of this case.

Dated: May 22, 2015      **SHULMAN HODGES & BASTIAN LLP**

*/s/ Melissa Davis Lowe*
Leonard M. Shulman
Melissa Davis Lowe
Attorneys for Richard A. Marshack,
Chapter 7 Trustee for the bankruptcy estate

**SHULMAN HODGES &
BASTIAN LLP**
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

4770-000\Z:\W-X\Weiler\Adv DISCHARGE\Pld\Complaint_Discharge.docx

6

**EXHIBIT 1**

## RESIGNATION LETTER

I, William G. Weiler, Jr., former Managing Member of the Bar, LLC limited liability company hereby resigns as Managing Member and relinquishes all ownership or other interest in the Bar Group, LLC as of the date of the execution of this document.

The reason for this resignation is to allow Bar Group, LLC to proceed with financing options that will provide for the refinancing of the properties held by the Bar Group, LLC in San Diego, California. In order for the Bar Group, LLC to obtain the necessary financing to refinance its current loan obligations, the lender providing the refinancing capital requires me to disassociate myself from the company.

I transfer my limited liability shares to my wife, Rae F. Weiler for no consideration.

Date: September 15 2011

By: *[signature: William H. Weiler Jr.]*

William G. Weiler, Jr.

**EXHIBIT 1**

Page 7

**EXHIBIT 2**

292

RECORDING REQUESTED BY AND
WHEN RECORDED RETURN TO:

Recorded in Official Records, Orange County
Tom Daly, Clerk-Recorder

\*$R0005108307$\*  6.00

2012000505123 12:34 pm 08/30/12
232 415 G02    1
0.00 0.00 0.00 0.00 0.00 0.00 0.00 0.00

William G. Weiler, Jr.
Rae Weiler
6852 Lafayette Drive
Huntington Beach, Ca. 92647

Space Above for Recorder's Use Only

MAIL TAX STATEMENTS TO:
SEE RETURN ADDRESS ABOVE

DOCUMENTARY TRANSFER TAX $ ✱
☐ Computed on full value of property conveyed, or
☐ Computed on full value less liens & encumbrances
   remaining thereon at time of sale.
_Rae F. Weiler_
Signature of declarant or agent determining tax, firm name

APN: _146-562-04_

GRANT DEED

WILLIAM G. WEILER, JR. and RAE F. WEILER, husband and wife as joint tenants do hereby
GRANT to the BAR GROUP, LLC the following real property in the City of Huntington Beach,
County of Orange County, State of California legally described as:

~~See Legal Description Attached Hereto and Made a Part Hereof~~
~~As Set Forth on the Attached Exhibit "A"~~

_Lot 15 of tract no. 3643 in the City of Huntington Beach, County of Orange, State of California, as per map recorded in Book 153 pages 11 + 12 of Misc. Maps, in the office of the County Recorder of said County._

Dated _Aug. 16, 2012_    _William G. Weiler, Jr._
                          WILLIAM G. WEILER, JR.

Dated _Aug. 16, 2012_    _Rae F. Weiler_
                          RAE F. WEILER

NOTARY ACKNOWLEDGEMENT
State of California
County of _Orange_
On _08/16/12_, before me, _V. NGO, Notary Public_
(name and/or title of officer) personally appeared William G. Weiler, Jr. and
Rae F. Weiler who proved to me on the basis of satisfactory evidence
to be the person(s) whose name(s) is/are subscribed to the within instrument
and acknowledged to me that he/she/they executed the same in his/her/their
authorized capacity(ies), and that by his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the person(s) acted, executed
the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of
California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _V.N_____(Seal)

V. NGO
COMM. #1910352
NOTARY PUBLIC - CALIFORNIA
COUNTY OF ORANGE
My Comm. Expires Nov. 21, 2014

✱ _Conveyance changing manner in which title is held. Grantor + grantee remain the same + continue to hold same proportionate interest_

EXHIBIT 2

**EXHIBIT 3**

90

RECORDING REQUESTED BY AND
WHEN RECORDED RETURN TO:

William G. Weiler, Jr.
Rae Weiler
6852 Lafayette Drive
Huntington Beach, Ca. 92647

Recorded in Official Records, Orange County
Renee Ramirez, Assistant Clerk-Recorder

*$R0005671146$*   12.00

2013000149394 2:11 pm 03/12/13
90 413 G02 F13   2
0.00 0.00 0.00 0.00 3.00 0.00 0.00 0.00

Space Above for Recorder's Use Only

MAIL TAX STATEMENTS TO:
SEE RETURN ADDRESS ABOVE

Grantor + Grantee - Same Party
DOCUMENTARY TRANSFER TAX $ ___Same Interest___
☐ Computed on full value of property conveyed, or
☐ Computed on full value less liens & encumbrances
remaining thereon at time of sale

GRANT DEED

APN: 146-562-04

_____
Signature of declarant or agent determining tax, firm name

π
2p
FF

WILLIAM G. WEILER, JR. and RAE F. WEILER, husband and wife as joint tenants do hereby GRANT to the BAR GROUP, LLC the following real property in the City of Huntington Beach, County of Orange County, State of California legally described as:

See Legal Description Attached Hereto and Made a Part Hereof
As Set Forth on the Attached Exhibit "A"

Dated Aug. 16, 2012    _____
WILLIAM G. WEILER, JR.

Dated Aug. 16, 2012    _____
RAE F. WEILER

NOTARY ACKNOWLEDGEMENT
State of California
County of Orange
On 08/16/12, before me, V. Ngo, Notary Public
(name and/or title of officer) personally appeared William G. Weiler, Jr. and
Rae F. Weiler who proved to me on the basis of satisfactory evidence
to be the person(s) whose name(s) is/are subscribed to the within instrument
and acknowledged to me that he/she/they executed the same in his/her/their
authorized capacity(ies), and that by his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the person(s) acted, executed
the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of
California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature ___V.N___ (Seal)

V. NGO
COMM. #1910352
NOTARY PUBLIC - CALIFORNIA
COUNTY OF ORANGE
My Comm. Expires Nov. 21, 2014

EXHIBIT 3

(JOINT DECLARATION OF HUSBAND AND WIFE)

**EXHIBIT A**

__William George Weiler, Jr.__ and __Rae F. Weiler__
(Name of Husband)    (Name of Wife)

do severally certify and declare as follows:

(1) They are husband and wife.

(2) __William George Weiler, Jr.__ is the head of a family, consisting of himself and
(Name of Husband)

__Rae F. Weiler__
(Name of Wife)

(3) They are now residing on the land and premises located in the City of __Huntington Beach__

County of __Orange__, State of California, and more particularly described as follows:

Lot 48 Tract 6716 as per map recorded in Book 253 pages 28 to 33/ inclusibe of miscellaneous Maps, in the office of the County recorder of said county.

Also known as 6852 Lafayette Drive

and commonly known as __6852 Lafayette Drive__.

(4) They claim the land and premises hereinabove described together with the dwelling house thereon, and its appurtenances, as a Homestead.

(5) No former declaration of homestead has been made by them, or by either of them, except as follows:[1]

(6) The character of said property so sought to be homesteaded, and the improvements thereon may generally be described as follows:[2]

IN WITNESS WHEREOF, they have hereunto set their hands this __18TH__ day of __SEPTEMBER__, 19__75__.

_William George Weiler, Jr._ (Husband)

_Rae F. Weiler_ (Wife)

Footnotes 1 and 2: See Reverse Side.

---

| STATE OF CALIFORNIA | STATE OF CALIFORNIA |
|---|---|
| COUNTY OF __ORANGE__ ss. | COUNTY OF __ORANGE__ ss. |
| On __SEPTEMBER 18,__ 19__75__ before me, the undersigned, a Notary Public in and for said State, personally appeared __WILLIAM GEORGE WEILER, JR. AND RAE F. WEILER__ and ____ known to me to be the persons whose names are subscribed to the within instrument, and severally acknowledged to me that they executed the same. Witness my hand and official seal. _Darlene Hoshaw_ Notary Public in and for said State. | __WILLIAM GEORGE WEILER, JR. AND RAE F. WEILER__ husband and wife, each, being first duly sworn, deposes and says: That he/she is one of the declarants in the foregoing declaration of homestead; that he/she has read the foregoing declaration and knows the contents thereof, and that the matters therein stated are true of his/her own knowledge. _William George Weiler, Jr._ (Husband) _Rae F. Weiler_ (Wife) Subscribed and Sworn to before me on __SEPTEMBER 18__, 19__75__. _Darlene Hoshaw_ Notary Public in and for said State. |

OFFICIAL SEAL
DARLENE HOSHAW
NOTARY PUBLIC - CALIFORNIA
My comm. expires JUL 8, 1979

WOLCOTTS FORM 752—HOMESTEAD—JOINT DECLARATION OF HUSBAND AND WIFE—REV. 2-73

**EXHIBIT 3**

**B104 (FORM 104) (08/07)**

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|

| **PLAINTIFFS**<br>RICHARD A. MARSHACK, solely in her capacity as Chapter 7 Trustee of the bankruptcy estate of William George Weiler, Jr. | **DEFENDANTS**<br>WILLIAM GEORGE WEILER, JR. |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Leonard M. Shulman, Bar No.<br>Melissa Davis Lowe, Bar No. 245521<br>SHULMAN, HODGES & BASTIAN LLP<br>Irvine, CA  92618<br>949-340-3400 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☒ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Trustee seeks denial of discharge under 11 U.S.C. §727 based on the following allegations: (1) Debtor transferred, removed, destroyed, or concealed, or permitted to be transferred, removed, destroyed or concealed, certain property of the Debtor within one year of the Petition Date; (2) Debtor falsely stated under oath on SOFA No. 10 that no property was transferred either absolutely or as security within two (2) years immediately preceding the Petition Date.

### NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☒ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq*.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand  $ |

Other Relief Sought  Denial of discharge

B104

**B104 (FORM 104) (08/07), Page 2**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>WILLIAM GEORGE WEILER, JR. | | BANKRUPTCY CASE NO.<br>8:13-bk-14701-CB | |
| DISTRICT IN WHICH CASE IS PENDING<br>CENTRAL | DIVISION OFFICE<br>Santa Ana | | NAME OF JUDGE<br>Bauer |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ Melissa Davis Lowe | | | |
| DATE<br>5/22/15 | | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Melissa Davis Lowe | |

# INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.